**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

MICHAEL HOWARD,

Defendant.

Magistrate Action No. 20-181 (BAH)

Chief Judge Beryl A. Howell

**MEMORANDUM OPINION AND ORDER**

The government seeks review of a magistrate judge's order releasing defendant Michael

Howard, who has been charged in a criminal complaint with one count of Unlawful Possession

of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for

a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).  Gov't's Mot. for Review

and Appeal of Release Order ("Gov't's Mot."), ECF No. 5.  Following a hearing held on

September 18, 2020, the government's motion was granted, and defendant was ordered detained

pending trial.  Minute Entry (Sept. 18, 2020).  Set out below are the written findings and reasons

underlying this order.  *See* 18 U.S.C. § 3142(i)(1) (requiring that a detention order "include

written findings of fact and a written statement of the reasons for the detention"); *United States

v. Nwokoro*, 651 F.3d 108, 112 (D.C. Cir. 2011) (remanding to the district court for a preparation

of "findings of fact and a statement of reasons in support of [defendant's] pretrial detention"

when a transcription of the detention hearing was insufficient).

I.      **BACKGROUND**

The government proffers that, at about 8:15 PM on the evening of September 14, 2020,

Metropolitan Police Department officers approached several individuals, including defendant,

congregated in front of 1209 Valley Avenue, SE, Washington D.C.  Crim. Compl., Statement of

1

Facts ("Statement of Facts") at 1, ECF No. 1-1.  An officer observed that defendant had a bulge

in his front, left pants pocket and an object on the left side of defendant's groin area that seemed

to have the shape of a magazine floorplate inserted into the butt of a handgun.  *Id.*  When asked

by the officer about what was in his pants pocket, defendant said it was a cell phone, but the

shape was not consistent with a cell phone.  *Id.*  "Believing that Defendant Howard was armed,"

the officer "detained [him] in handcuffs, conducted a pat down and immediately felt a magazine

floorplate and handle of a firearm in the spot where he had seen the bulge."  *Id.*  Upon further

search, the officer found, tucked in defendant's pocket and within easy reach, a loaded ".40

caliber semiautomatic handgun."  *Id.*  After a criminal history check revealed defendant had prior

felony convictions, he was arrested and charged with violating 18 U.S.C. § 922(g), which forbids

"any person who has been convicted in any court of a crime punishable by imprisonment for a

term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or

ammunition" and from "receiv[ing] any firearm or ammunition which has been shipped or

transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1); s*ee* Crim. Compl. at 1,

ECF No. 1.

At defendant's initial appearance on September 15, 2020 before a magistrate judge, the

government orally moved for detention pending trial, *see* Minute Entry (Sept. 15, 2020); Gov't's

Mot. at 1, and the detention hearing was scheduled for the next day before a different magistrate

judge, *id*.  The government's motion for pretrial detention was denied at the detention hearing

and defendant was ordered to be released under various conditions.  Min. Entry (Sept. 16, 2020).

This release order was stayed, pending review.  *Id.*  The next day, the government filed the

pending motion for review and appeal of the release order, see Gov't's Mot., and a hearing was

scheduled for and held on September 18, 2020.  Min. Entry (Sept. 17, 2020); Min. Entry (Sept.

18, 2020).

## II.     LEGAL STANDARD

The standard for review of a magistrate judge's order for release is *de novo*, and a district

judge conducting that review must "promptly," 18 U.S.C. § 3145(a), make an independent

determination whether conditions of release exist that will reasonably assure the defendant's

appearance in court or the safety of any other person or the community, pursuant to § 3142(e)(1).

The Bail Reform Act ("BRA") provides that a judge "shall order" the "detention of the

[defendant] before trial," if, after a detention hearing held under § 3142(f), and consideration of

"the available information concerning" enumerated factors, *id.* §3142(g), "the judicial officer

finds that no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of any other person and the community," *id.* § 3142(e)(1).  "In

common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to

the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019).  The

BRA "requires that detention be supported by 'clear and convincing evidence' when the

justification is the safety of the community."  *United States v. Simpkins*, 826 F.2d 94, 96 (D.C.

Cir. 1987).  Even if the defendant does not pose a flight risk, danger the community alone is

sufficient reason to order pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In assessing whether pretrial detention or release is warranted, the court must "take into

account the available information concerning" the following four factors: (1) the nature and

circumstances of the offense charged, including whether the offense is a crime of violence, . . . or

involves a . . . firearm . . . ; (2) the weight of the evidence against the person; (3) the history and

characteristics of the person, including . . . the person's character, physical and mental condition,

family ties, employment, financial resources, length of residence in the community, community

ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record

concerning appearance at court proceedings; and . . . (4) the nature and seriousness of the danger

to any person or the community that would be posed by the person's release.  18 U.S.C. §

3142(g).  At the detention hearing, both the government and the defendant may offer evidence or

proceed by proffer.  *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (per curiam).

## III.     DISCUSSION AND FINDINGS

The government does not contend that defendant is a flight risk but argues only that his

pretrial detention is warranted based on his potential danger to the community.  *See* Gov't's

Mem. at 2. While a felon-in-possession-of-a-firearm charge, under 18 U.S.C.§ 922(g), is not a

"crime of violence" that triggers a pretrial detention hearing pursuant to 18 U.S.C.

§ 3142(f)(1)(A), the D.C. Circuit has recognized that pretrial detention due to risk of danger to

the community might nevertheless be warranted for some § 922(g) defendants.  *See United*

*States v. Singleton,* 182 F.3d 7, 15 (D.C. Cir. 1999) ("[I]nterpreting § 3142(f)(1) to exclude

felon-in-possession offenses does not deprive the government of an opportunity to detain armed

felons when other circumstances warrant.").  The requisite § 3142(g) factors, and the findings

that underpin each one, in this case are discussed *seriatim*.

### 1.     *The Nature and Circumstances of the Offense*

The factual proffer by the government is that defendant possessed, within easy reach and

concealed in his front pocket, a fully-loaded semi-automatic weapon while he was out in public,

among a group of people, on a street in a D.C. residential neighborhood, on the evening of

September 14, 2020.  Other proffered evidence strongly indicates defendant knew his possession

of this gun was illegal, since he initially dissembled, stating that the bulge observed in his pants'

pocket was a cell phone. *See* Statement of Facts at 1. Also, notably, defendant was recently

convicted in January 2019 in D.C. Superior Court and released from prison in August 2019 for

unlawful possession of a firearm for which conviction he remains on supervision, *see id.*; Pretrial

Services Report ("PSR") at 2–3, ECF No. 3.[1]

Illegally possessing a concealed firearm in public where other people are congregated, as

alleged, poses an inherent risk of danger to the community. *See United States v. Cole*, No. 20-cr-

44 (TNM), 2020 WL 2308696, at *3 (D.D.C. May 8, 2020) (noting that a loaded firearm "has the

great potential to escalate into violence," particularly when defendant's prior convictions indicate

a predilection for violence); *United States v. Riggins*, No. 20-cr-10 (CKK), 2020 WL 1984263, at

*4 (D.D.C. Apr. 27, 2020) ("[T]he possession of a firearm, especially while seemingly on a drug

such as PCP, presents a serious danger to the community."); *cf. United States v. Washington*, 907

F. Supp. 476, 486 (D.D.C. 1997) (incorrectly concluding that § 922(g) is a crime of violence

triggering a pretrial detention hearing but observing, in applying the § 3142(g) factors, that

"possession by a felon of a fully loaded semi-automatic pistol suggests that the defendant

presents an extreme safety risk to the public"). This concern is compounded by defendant's

evident disregard of the law forbidding his possession of a firearm, given that the instant charge

comes close on the heels of defendant's 2019 D.C. Superior Court conviction for unlawful

possession of a firearm. *See Cole*, 2020 WL 2308696, at *3 (affirming magistrate judge's

pretrial detention order on § 922(g) charge of defendant who carried concealed, loaded firearm in

residential area "[w]hile on supervision for armed robbery—a violent offense," despite

defendant's close community ties, youth and prior employment); *Riggins*, 2020 WL 1984263, at

*6 (denying defendant's emergency motion for pretrial release when he was on supervised

---

[1]      Apparently, D.C. Superior Court's Court Services Offender Supervision Agency ("CSOSA") erroneously prematurely terminated defendant's supervision, such that he may not have technically been on supervision at the time of commission of the instant charged offense. *See* PSR at 3. Defendant's alleged offense occurred just 15 days after the erroneous termination. *See id.*

probation for an assault conviction at the time of his arrest for violating § 922(g)).  This first factor weighs in favor of detention.

### 2.      *The Weight of the Evidence Against the Defendant*

The weight of the evidence against defendant is strong and favors detention.  The loaded firearm was discovered directly on defendant's person, in his front left pants pocket, which facts, according to the government, are corroborated by the arresting officer's body camera footage. Gov't's Mem. at 4.  Furthermore, defendant's dissembling that his pocket with an obvious bulge contained a cell phone, combined with his prior D.C. Superior Court conviction for unlawful possession of a handgun, makes highly likely that he knew that he was forbidden from possessing the gun.

### 3.      *The History and Characteristics of the Defendant*

The third factor, considering defendant's history and characteristics, also favors detention.  Defendant is 29 years old, resides with his partner and son in the area, and has close ties to Washington, DC.  PSR at 1.  While currently unemployed, he has previously worked sporadically in construction jobs.  Rough Transcript of Hearing (Sept. 18, 2020) at 13–14.[2]  Most probative in assessing his danger to the community, however, is defendant's four prior adult convictions occurring in the last decade.  *See Singleton,* 182 F.3d at 14–15 (observing that "a person convicted of a non-violent crime does not become a candidate for pretrial detention merely by subsequently possessing a firearm, as such a person does not seem especially more likely to use the firearm in a violent manner" but acknowledging that risk to the public could be meaningfully indicated by whether past felony convictions were violent or nonviolent).

---

[2]      Citations to the September 18, 2020 hearing transcript are to a rough draft of the transcript, since no final transcript is available.  When finalized, the transcript will be posted on this case's docket. Discrepancies in page numbers between the rough and final transcripts may exist.

Defendant has two drug convictions in D.C. Superior Court: in 2010, for Attempted

Possession with Intent to Distribute PCP and, in 2013, for Possession with Intent to Distribute

PCP, along with Attempted Threats to Do Bodily Harm.  PSR at 4.  In between those two drug

convictions, in 2011, defendant was convicted of Second Degree Assault, Conspiracy to Commit

Armed Carjacking, and Motor Vehicle Theft in Virginia.  *Id.* at 5.  For these serious Virginia

convictions, defendant's supervision was terminated unsatisfactorily in 2016.  *Id.*  Finally, as

already mentioned, in early 2019, just last year, defendant was convicted in D.C. Superior Court

of Unlawful Possession of a Firearm with a Prior Conviction Greater than One Year.  *Id.* at 3–4.

This is a very troubling criminal history, involving convictions for offenses involving

violence or threats of violence, namely: attempted threat to do bodily harm, assault and armed

carjacking.  *See United States v. McSwain*, No. 19-cr-80 (CKK), 2019 WL 1598033, at *4

(D.D.C. Apr. 15, 2019) (detaining § 922(g) defendant who had prior conviction for assault with

significant bodily injury); *Cole*, 2020 WL 2308696, at *3 (detaining § 922(g) defendant who had

prior conviction for armed robbery).  Further concerning is that defendant was arrested on the

instant charge just over one year into a three-year period of supervised release that began on

August 30, 2019.  *See* PSR at 4.  Defendant's unsuccessful termination of his probationary

period in the past, combined with his alleged commission of the instant offense during the period

of supervision on his most recent conviction, raises a serious question whether supervision would

suffice to ensure he does not commit further crimes.

Moreover, defendant's most recent conviction, in 2019, was for substantively the

equivalent offense with which he now charged of unlawful possession of a firearm.  His apparent

recidivism in such a short timespan and during the time period of his supervision shows

significant disregard for the law forbidding him from possessing a firearm and undermines

reasonable confidence that any conditions of release could ensure that he would remain law-abiding on pretrial release.  *See Riggins*, 2020 WL 1984263, at *6 (detaining defendant facing § 922(g) charge for possessing concealed gun in waistband after fleeing police while on supervised probation for prior 2018 assault conviction); *Cole*, (detaining § 922(g) defendant who was arrested "while on supervision for [an] armed robbery conviction" and noting defendant's "history of violating conditions of supervision");  *cf. United States v. Louallen*, No. 19-cr-66 (JDB), 2019 WL 1003531, at *1 (D.D.C. Feb. 28, 2019) (granting pretrial release to 18-year-old defendant charged with § 922(g) violation while on supervision on a prior state conviction for Carrying a Pistol Without a License, but highlighting that he had limited criminal record with no overt violent behavior, he had steadily maintained employment and gun was found under his bedroom mattress).

### 4.      *The Nature and Seriousness of the Danger Posed by Defendant's Release*

The fourth factor also weighs in favor of detention.  As already explained in the discussion of the first and third § 3142(g) factors, defendant allegedly possessed a concealed, loaded firearm on the public streets.  This recidivist behavior involving a loaded firearm, though not used overtly in other criminal conduct, nonetheless provides clear and convincing evidence that defendant is not deterred from engaging in such conduct and that his release therefore poses a risk of danger to the community.  Defendant's criminal history further engenders concern that he would be dangerous if released, as his history of violent offenses heightens the risk that his possession of a firearm would cause danger to the community.  Furthermore, given defendant's repeated disregard of the law forbidding him from possessing a firearm, there is clear and convincing evidence that no combination of release conditions, including home confinement and a ban on firearm possession, would suffice to mitigate this risk.

* * *

Upon consideration of the proffered evidence presented in this matter, the factors set forth in 18 U.S.C. § 3142(g), and the possible release conditions set forth in § 3142(c), the Court finds that all four statutory factors strongly favor pretrial detention and that defendant would pose a danger to the public were he released.  Thus, the government has met its burden to show, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure . . . the safety of . . . the community."  18 U.S.C. § 3142(e)(1), (f)(2). Accordingly, the government's motion for review and appeal of the release order is granted and defendant shall remain in the custody of the Attorney General for confinement pending a final disposition in this case.  *See* 18 U.S.C. § 3142(i).

## IV.   ORDER

Upon consideration of the Complaint, the government's Motion for Review and Appeal of Release Order, the evidence proffered and arguments presented in connection with the government's motion, including at the detention hearing held on September 18, 2020, the entire record, and the factors enumerated in 18 U.S.C. § 3142(g), based upon the written findings of fact and statement of reasons set forth in this Memorandum Opinion, it is hereby

**ORDERED** that the government's Motion for Pretrial Detention is **GRANTED**; and it is further

**ORDERED** that defendant Michael Howard be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is further

**ORDERED** that defendant be afforded reasonable opportunity for private consultation with counsel; and it is further

9

**ORDERED** that, on order of this Court or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to the U.S. Marshal for the District of Columbia for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Date: September 21, 2020

_____
BERYL A. HOWELL
Chief Judge